IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS G. CLAIBORNE,

    Plaintiff,                                  No. CIV S-06-2919 FCD EFB P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,       ORDER
et al.,

    Defendants.
_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff originally filed his complaint in state court on November 1, 2006. Defendants removed the action to this court on December 27, 2006.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

1

standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

Neither the California Department of Corrections and Rehabilitation not High Desert State Prison are persons under this statute and, therefore, are improper defendants.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  Plaintiff names defendants Battey and Harrison in the caption of the case, but fails to attribute to either of them the constitutional violation of which he complains.

If plaintiff chooses to amend the complaint, plaintiff must personally name each defendant and allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a

2

1 general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375
2 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
3 longer serves any function in the case. Therefore, in an amended complaint, as in an original
4 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

5 In accordance with the above, IT IS HEREBY ORDERED that:

6 1. Plaintiff's complaint is dismissed.

7 2. Plaintiff is granted thirty days from the date of service of this order to file an
8 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
9 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
10 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
11 an original and two copies of the amended complaint; failure to file an amended complaint in
12 accordance with this order will result in a recommendation that this action be dismissed.
13 DATED: January 17, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE