IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS G. CLAIBORNE,

    Plaintiff,

vs.

K. BATTEY, et al.,

    Defendants.

No. CIV S-06-2919 FCD EFB P

ORDER

_____/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's February 5, 2007 amended complaint.[1] Plaintiff alleges that defendants Battey and Harrison forced plaintiff to cut his hair, in violation of his federal constitutional rights and his rights under the Religious Land Use and Institutionalized Persons Act of 2000. The following motions are currently pending before the

---

[1] In his amended complaint, plaintiff requests class certification. Am. Compl. at 8. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well-established that a layperson cannot ordinarily represent the interests of a class. *See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966). This rule becomes nearly absolute when, as here, the putative class representative is incarcerated and proceeding pro se. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. *See Martin v. Middendorf*, 420 F. Supp. 779 (D.D.C. 1976). This action, therefore, shall proceed as an individual civil suit brought by plaintiff, and his request for class certification is denied.

1

court: (1) plaintiff's May 16, 2008 and August 29, 2008, requests that his incarcerated witnesses be produced for trial; (2) plaintiff's August 4, 2008 motion to compel further discovery responses from defendant Battey; and (3) plaintiff's December 19, 2008 request for an order directing defendant Battey to provide him with a copy of his deposition transcript. For the reasons stated below, plaintiff's motion to compel is granted in part, and all other requests are denied.

**I. Requests for Order to Produce Incarcerated Witnesses**

On May 16, 2008, and again on August 29, 2008, plaintiff requested that the court issue orders directing that plaintiff's proposed witnesses, who are incarcerated, be produced for plaintiff's trial. However, a trial is not yet scheduled in this action. As set forth in the April 8, 2008 discovery and scheduling order, the court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed.[2] *See* Apr. 8, 2008 Order at 2-4 (detailing the procedures for calling witnesses, including those who are incarcerated). If a trial is scheduled, the court will, not later than six weeks before trial, issue a writ to provide for plaintiff's attendance and for the attendance of plaintiff's incarcerated witnesses. Thus, plaintiff's requests are denied as premature.

**II. Motion to Compel**

On August 4, 2008, plaintiff filed a motion to compel defendant Battey's discovery responses to interrogatories and requests for production. As the moving party, plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel and for each disputed response, why defendant's objections are not justified or why the response

---

[2] The court observes that the October 3, 2008 deadline for filing dispositive motions has passed and that no dispositive motions were filed. However, defendant Harrison has not yet been served in this action. Accordingly, the court finds good cause to modify the scheduling order to extend the deadline for filing dispositive motions. *See* Fed. R. Civ. P. 16(b). The court vacates the October 3, 2008 dispositive motion deadline, and once defendant Harrison is served, will set a new deadline for the filing of dispositive motions. Accordingly, defendant Battey's October 2, 2008 motion to stay the scheduling order is denied as moot.

2

provided is deficient. *See Waterbury v. Scribner*, 2008 U.S. Dist. LEXIS 53142 (E.D. Cal. May 7, 2008).

**A. Interrogatories**

As to interrogatory numbers 1-6, plaintiff states that defendant "tactfully skirted around the specific questions without giving answers that the court and the judicial process can rely on." Pl.'s Mot. to Compel at 1. The court has reviewed defendant's responses to these interrogatories, and finds that defendant's answers appear sufficiently responsive. Since plaintiff fails to set forth why defendant's responses are deficient or what additional information he seeks, there is no basis on which the court could grant his motion to compel. Thus, plaintiff's motion is denied as to these requests.

In interrogatory number 7, plaintiff requests that defendant identify any document regarding the circumstances surrounding defendant's determination "in forcing plaintiff and similarly situated inmates at High Desert State Prison, to cut their hair, after January 11, 2006 and January 19, 2006, respectively." Defendant not only identified responsive documents relating to plaintiff, but according to defendant, also provided plaintiff with those documents. Def.'s Opp'n to Pl.'s Mot. to Compel at 9. To the extent plaintiff requests information pertaining to other inmates, the court sustains defendant's objection that the request is overbroad and requests confidential information about other inmates who have no involvement in this suit. Thus, plaintiff's motion is denied as to this request.

In interrogatory number 8, plaintiff asks defendant to "describe in as much detail as possible the complete circumstances surrounding all other instances in which you have made determinations to force the inmate population to comply with the grooming policies of CDCR, even after January 11, 2006, or threatened to do so, while working for the California Department of Corrections and Rehabilitations. Include in your response the circumstances surrounding any review or disciplinary action that occurred after each." Defendant objects that the request is not relevant to the lawsuit and is not reasonably calculated to lead to the discovery of admissible

3

evidence. Defendant further objects that it requests confidential information regarding other inmates and staff. Plaintiff has failed to explain why the information sought is reasonably calculated to lead to the discovery of admissible evidence or why he should be allowed to gain access to confidential information related to other inmates. Thus, plaintiff's motion is denied as to this request.

In interrogatory number 9, plaintiff requests that defendant "identify each person known to you and not otherwise identified in your answers to these interrogatories who has provided any information, or assistance of whatever nature of description, relating to any of your answers to interrogatories." Defendant objects that the information sought is not relevant, is not reasonably calculated to lead to the discovery of admissible evidence and is vague, ambiguous and overbroad. The court notes that defendant's response to interrogatory number 10, discussed below, appears to be responsive to interrogatory number 9. In any event, however, plaintiff has failed to justify how defendant's objections are unfounded or deficient. Thus, plaintiff's motion is denied as to this request.

In interrogatory number 10, plaintiff requests that defendant "identify each person who has made you sworn or unsworn statements or provided information for affidavits or statements that relate to the allegations made in plaintiff's complaint and state the information provided." Defendant responds that no one has provided the information requested. Once again, plaintiff fails to set forth what additional information he seeks, or why defendant's answer is deficient. Thus, plaintiff's motion is denied as to this request.

**B. Request for Production**

With respect to plaintiff's request for production of documents, plaintiff contends that defendant's responses are "vague and circumventive," because they "generally assert that the documents cannot be disclosed without jeopardizing the safety and security of the institution." Pl.'s Mot. to Compel at 2. Plaintiff does not identify which specific responses he seeks to compel, but the court construes his motion as seeking to compel only those requests to which

defendant objected on the grounds that the information sought could jeopardize the safety and security of the institution. Plaintiff does not offer any further justification as to why defendant's responses are deficient.

In request number 3, plaintiff asks for "[a]ll documents that evidence, mention or refer to the Plaintiff's Constitutional injuries suffered between January 11, 2006 and January 28, 2006 at (CDCR) High Desert State Prison, and documents relating to subsequent inmate and staff complaints and discipline." The court sustains defendant's objections to the extent they relate to plaintiff's request for documents pertaining to other inmates. Plaintiff has not offered any justification as to why defendant should be compelled to produce such information. To the extent plaintiff seeks information regarding his own injuries and/or complaints, defendant directs plaintiff to his central file, which, defendant states, is "equally available" to plaintiff "upon request to the Litigation Coordinator." According to plaintiff, he has requested access to this file as instructed, but to date, he has not been provided with access. Pl.'s Mot. to Compel at 2, Ex. 1. Thus, plaintiff's motion is granted as to request number 3, to the extent that defendant Battey is ordered to provide plaintiff with a copy of his central file or confirm to the court that plaintiff has been granted access to his central file.

In request number 4, plaintiff requests the "complete contents of [his] High Desert State Prison file including but not limited to institutional complaints, incident reports, evaluations and mental health records." Again, defendant responds that plaintiff "has equal access to review and copy his Central and Medical files by filing a request with the Litigation Coordinator." As plaintiff explains, however, he has sought access to these files, but has not been given access to them. Thus, plaintiff's motion is granted as to request number 4, to the extent that defendant Battey is also ordered to provide plaintiff with a copy of his medical file or confirm to the court that plaintiff has been granted access to his medical file.

In request number 5, plaintiff requests "[a]ll documents that evidence, mention, or refer to the defendant's work conduct or disciplinary history, at High Desert State Prison, or any other

5

facility." Defendant objects on the grounds that the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the basis that this information could not be disclosed without jeopardizing the safety and security of staff, and the institution, and the request calls for information protected by privacy rights of staff. Plaintiff fails to justify why defendant's objections are unfounded and responses should be compelled. Thus, plaintiff's motion is denied as to this request.

**III. Request for Deposition Transcript**

Plaintiff requests an order directing defendant to provide him with a copy of the transcript of his deposition. The officer before whom a deposition is taken must retain stenographic notes of the proceedings or a copy of the recording of a deposition taken by a different method. Fed. R. Civ. P. 30(f)(3). The officer must provide a copy thereof to any party or to the deponent upon payment of reasonable charges therefor. *Id.* The court cannot order defendant to provide plaintiff a copy of the transcript of the his deposition. Plaintiff must obtain it from the officer before whom the deposition was taken pursuant to Rule 30(f)(3). Plaintiff's December 19, 2008 request therefore is denied.

**IV. Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's February 5, 2007 request for class certification is denied.

2. Plaintiff's May 16, 2008 and August 29, 2008, requests that his incarcerated witnesses be produced for trial are denied as premature.

3. Plaintiff's August 4, 2008 motion to compel further discovery responses from defendant Battey is granted as to request for production numbers 3 and 4, in that defendant Battey is ordered to provide plaintiff with a copy of his central and medical files or confirm to the court that plaintiff has been granted access to these files. In all other respects, plaintiff's motion is denied.

////

4. Plaintiff's December 19, 2008 request for an order directing defendant to provide him with a copy of his deposition transcript is denied.

5. The October 3, 2008 dispositive motion deadline set forth in the April 8, 2008 discovery and scheduling order is vacated, and the court will set a new deadline after defendant Harrison is served with process. Accordingly, defendant Battey's October 2, 2008 motion to stay the scheduling order is denied as moot.

DATED: March 3, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE