IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS G. CLAIBORNE,

      Plaintiff,                        No. CIV S-06-2919 FCD EFB P

      vs.

K. BATTEY, et al.,

      Defendants.             ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed the following motions: (1) a July 13, 2009 request that the court direct witnesses's custodians to produce witnesses for trial; (2) a July 13, 2009 request for the appointment of counsel; (3) a July 20, 2009 motion for judgment on the pleadings as to defendant Battey or alternatively, that Battey be ordered to provide plaintiff with a copy of his central and medical file and that sanctions be imposed against Battey; (4) a July 27, 2009 motion to compel defendant Harrison to respond to plaintiff's interrogatories and request for production of documents; and, (5) an August 10, 2009 motion for a protective order. For the reasons stated below, the court will deny the July 13 and July 27 motions, but will order Battey to respond to the July 20 and August 10 motions.

////

1

First, plaintiff requests that the court direct the California Department of Corrections and Rehabilitation to produce all of plaintiff's volunteer inmate witnesses for trial. Pl.'s July 13, 2009 Mot. (Dckt. No. 48). The court has previously informed plaintiff that such a request is premature. *See* Mar. 3, 2009 Order at 2. A party intending to introduce testimony from an incarcerated witness who intends to testify voluntarily must file, with his *pretrial statement*, a motion for an order directing the witness' custodian to produce the witness for trial. Apr. 8, 2008 Order at 2. The deadline for filing dispositive motions in this action is October 2, 2009. Apr. 23, 2009 Order at 2. This case is not scheduled for trial and the court has not directed the parties to file pretrial statements. Thus, plaintiff's request is denied as premature.

Plaintiff also requests that the court appoint counsel. Pl.'s July 13, 2009 Mot. (Dckt. No. 50). District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

Next, plaintiff seeks a judgment on the pleadings as to defendant Battey or alternatively, that Battey be ordered to provide plaintiff with a copy of his central file and that sanctions be imposed against Battey.[1] Pl.'s July 20, 2009 Mot. (Dckt. No. 51). In its March 3, 2009 order, the court granted, in part, plaintiff's motion to compel further discovery responses from Battey. The court ordered Battey to provide plaintiff with a copy of his central file or confirm to the court that plaintiff has been granted access to this file. Mar. 3, 2009 Order at 6. According to plaintiff, he has not received copies of, or been granted access to, his central file. In his motion

---

[1] In his July 20, 2009 motion, plaintiff also requested access to his medical file, but in his August 10, 2009 motion, he indicates that Battey has provided him with a copy of his medical file. *See* Dckt. No. 53.

2

for a protective order, plaintiff repeats his claim that he has not received access to his central file, and requests that the court forbid Battey from using any discovery information she has obtained from any prison records, or from plaintiff's deposition or his filings.  Given that the court ordered Battey to provide plaintiff with access to his central file, and plaintiff indicates that Battey has failed to do so, the court will order Battey to respond to plaintiff's July 20 and August 10 motions.

Finally, plaintiff moves to compel defendant Harrison to respond to plaintiff's interrogatories and request for production of documents, which plaintiff propounded on July 14, 2009.  *See* Pl's July 27, 2009 Motion at 1.  According to the modified discovery and scheduling order, plaintiff and Harrison could conduct discovery until July 31, 2009.  Apr. 23, 2009 Order at 1.  However, certain requests for discovery, including interrogatories and requests for production of documents, were to be served no later than 60 days before that date.  *Id.*  Plaintiff did not serve his discovery requests within the time-frame provided in the modified discovery and scheduling order, and has not requested that the court modify the schedule.  *See* Fed. R. Civ. P. 16(b).  Therefore, the court must deny plaintiff's request.

Moreover, the court will deny plaintiff's alternative request to "vacate the deposition" that occurred on July 14, 2009.  *See* Pl's July 27, 2009 Motion at 2.  As the court explained in its July 10, 2009 order, the modified scheduling order allowed for Harrison to depose plaintiff any time prior to the July 31, 2009 discovery deadline so long as he provided plaintiff with 14 days' notice.  *See* July 10, 2009 Order at 1-2.  There is no basis for granting plaintiff the relief he requests.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's July 13, 2009 request that the court direct witnesses's custodians to produce witnesses for trial is denied;

////

////

1      2. Plaintiff's July 13, 2009 request for the appointment of counsel is denied;

2      3. Defendant Battey is directed to file a response to plaintiff's July 20, 2009 and August 10, 2009 motions, within seven calendar days from the date of this order, and plaintiff may file a reply thereto within seven calendar days thereafter; and

    4. Plaintiff's July 27, 2009 motion to compel is denied.

Dated: October 6, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE