IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS G. CLAIBORNE,

        Plaintiff,                    No. CIV S-06-2919 FCD EFB P

    vs.

K. BATTEY,

        Defendants, et al..        <u>ORDER AND</u>
                                                   <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff is a state prisoner proceeding without counsel. This action proceeds on plaintiff's February 5, 2007 amended complaint against defendants Harrison and Battey. Dckt. No. 5. Plaintiff alleges that defendants forced him to comply with grooming regulations in December 2005 through January 2006, which restricted him from growing his hair longer than three inches. He claims that this violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") of 2000 and the Due Process Clause of the Fourteenth Amendment. On October 23, 2009, defendants moved for summary judgment. Dckt. No. 57.

////

////

////

////

1

Plaintiff opposed the motion and defendants filed a reply. Dckt. No. 58, 59, 61.[1]  For the reasons that follow, the court recommends that summary judgment be granted for defendants and that judgment be entered accordingly.

**I.     Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Summary judgment avoids unnecessary trials in cases with no genuinely disputed material facts.  *See N.W. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, Rule 56 serves to screen the latter cases from those which actually require resolution of genuine disputes over material facts; e.g., issues that can only be determined through presentation of testimony at trial such as the credibility of conflicting testimony over facts that make a difference in the outcome.  *Celotex*, 477 U.S. at 323.

////

---

[1] After defendants filed their reply brief, plaintiff filed a surreply and a supplemental affidavit.  *See* Dckt. No. 62, 64. The Local Rules do not contemplate such filings, as they provide only for a motion, an opposition and a reply.  E.D. Local Rule 230.  Plaintiff neither sought nor obtained court approval before filing his surreply or supplemental affidavit.  Accordingly, these filings are hereby stricken.  The court notes that consideration of the argument contained in these filings would not affect the court's recommendation.

If the moving party meets its initial responsibility, the opposing party must establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To overcome summary judgment, the opposing party must demonstrate a factual dispute that is both material, i.e. it affects the outcome of the claim under the governing law, *see Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).  In attempting to establish the existence of a factual dispute that is genuine, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11.

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. *See Anderson*, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

On February 1, 2008 and September 15, 2008, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.

*See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

## II.    Undisputed Facts

Plaintiff alleges that defendants forced him to cut his hair, or "religious locks," on or around December 11, 2005 and January 21, 2006, to comply with the California Department of Corrections and Rehabilitation's (CDCR) three-inch grooming restriction.[2]  Defs.' Mot. for Summ. J., Stmt. of Undisp. Facts in Supp. Thereof ("SUF") 1-2; Defs.' Reply to Pl.'s Opp'n at 2; Am. Compl. at A-B.  As relief, plaintiff seeks compensatory damages in the amount of $250,000 from each defendant.  Am. Compl. at 5.

Plaintiff filed an inmate grievance (Log No. HDSP-06-116) on December 28, 2005, claiming that during the week of December 11, 2005, he was forced to cut his hair to comply with the grooming regulation.  SUF 2.  In the grievance, plaintiff requested compensation and "reasonable accommodations."  SUF 3; Defs.' Mot. for Summ. J., Decl. of Battey in Supp. Thereof ("Battey Decl."), Ex. 1.  Defendant Battey responded to the grievance at the informal level on January 11, 2006, instructing plaintiff that his request was denied; that he was required to comply with the grooming standards; and, that failure to adhere to the grooming standards could result in a CDC 115, Rules Violation Report.  SUF 4.  Battey's only involvement with plaintiff was as a reviewer, at the informal level, to his inmate grievance.  SUF 5.

////

////

---

[2] The applicable regulation provided:

> A male inmate's hair shall not be longer than three inches and shall not extend over the eyebrows or below the top of the shirt collar while standing upright. Hair shall be cut around the ears, and sideburns shall be neatly trimmed, and shall not extend below the mid-point of the ear. The width of the sideburns shall not exceed one and one-half inches and shall not include flared ends.

Cal. Code of Regs. tit.15, § 3062(e) (1997).

On July 29, 2005, the Court of Appeals for the Ninth Circuit held that an inmate challenging CDCR's grooming regulation had shown serious questions going to the merits of his claim that the regulation violated RLUIPA, and reversed the district court's denial of a preliminary injunction.[3] *Warsoldier v. Woodford*, 418 F.3d 989 (9th Cir. 2005). The court found that the regulation imposed a substantial burden on an inmate's practice of his religion, and although it served the compelling interest of prison security, CDCR did not demonstrate that it was the least restrictive alternative. *Id.* at 1000-01.

A Notice of Change of Rules was issued on January 27, 2006, retroactively amending the CDCR's grooming standards to eliminate the three-inch restriction, effective January 17, 2006. SUF 10. The first information Harrison and Battey received of the change in the grooming restriction and the invalidation of the three-inch restriction was on January 27, 2006, when the Notice of Change to Rules was issued. Defs.' Mot. for Summ. J., Decl. of Harrison in Supp. Thereof ("Harrison Decl") ¶ 11, Battey Decl. ¶ 7.

**III.   Analysis**

Defendants argue they are entitled to summary judgment on the following four grounds: (1) they are entitled to qualified immunity on plaintiff's RLUIPA claim; (2) plaintiff does not allege any constitutional violation against Battey because her only involvement was processing his inmate grievance; (3) plaintiff fails to demonstrate a Fourteenth Amendment due process violation because he has no protected liberty interest and fails to show an atypical and significant hardship; and (4) plaintiff's Fourteenth Amendment right to equal protection was not violated by enforcement of the grooming regulations because he has no evidence of intentional

---

[3] Under RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government establishes that the burden furthers "a compelling governmental interest," and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). A "substantial burden" is one that imposes a significantly great restriction or onus upon such exercise. *Warsoldier*, 418 F.3d at 995. "Religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A).

discrimination.[4]

## A. RLUIPA Claim

Defendants assert they are entitled to qualified immunity on plaintiff's RLUIPA claim. Defs.' Mot. for Summ. J., Mem. of P. & A. in Supp. Thereof at 4-8.  Plaintiff argues that defendants are not entitled to qualified immunity because they violated rights that were clearly established under RLUIPA.  Pl.'s Opp'n to Defs.' Mot. for Summ. J. at 4-5.

While the Ninth Circuit has not yet decided whether an individual capacity claim for damages exists under RLUIPA, other circuits have decided that such a claim does not exist. *See, e.g., Nelson v. Miller*, 570 F.3d 868, 885-89 (7th Cir. 2009); *Rendelman v. Rouse*, 569 F.3d 182, 187-89 (4th Cir. 2009); *Sossamon v. Texas*, 560 F.3d 316, 327-29 (5th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007).  These courts have reasoned that individuals cannot be held liable when Congress enacts a statute such as RLUIPA pursuant to the Spending Clause, which "allows Congress to further its policy objectives by conditioning the receipt of federal funds on compliance with federal mandates." *Mayweathers v. Newland*, 314 F.3d 1062, 1066 (9th Cir. 2002) (recognizing RLUIPA as an enactment under the Spending Clause).  Because Congress did not demonstrate an intent "to condition the receipt of federal funds on the creation of an *individual capacity* damages action," the Fourth, Fifth, Seventh, and Eleventh Circuits, as noted above, have concluded that a plaintiff cannot assert a RLUIPA claim for damages against defendants in their individual capacities. *Rendelman*, 569 F.3d at 189; *see Nelson*, 570 F.3d at 889 ("construing RLUIPA to provide for damages actions against officials in their individual capacities would raise serious questions regarding whether Congress had exceeded its authority under the Spending Clause.").  This court, like other courts in this district, agrees that RLUIPA does not authorize a claim for damages against defendants in their individual capacities. *See Hypolite v. CDCR*, No. 2:05-cv-0428 MCE KJN, 2010 U.S. Dist. LEXIS 41452, at *11-14 (E.D.

---

[4] Since the court concludes that the amended complaint does not include an equal protection claim, it does not address this portion of defendants' motion. *See* Am. Compl.

Cal. Apr. 28, 2010) (adopted in full); *Fields v. Voss*, No. 1:07-cv-0595 AWI GSA, 2010 U.S. Dist. LEXIS 9685, at *16 (E.D. Cal. Feb. 4, 2010), *adopted by* 2010 U.S. Dist. LEXIS 26496 (E.D. Cal. Mar. 22, 2010); *Rupe v. Cate*, No. CV-08-2454 EFB, 2010 U.S. Dist. LEXIS 7817, at *24 (E.D. Cal. Feb. 1, 2010). It is therefore unnecessary to reach defendants' argument for qualified immunity as plaintiff's RLUIPA claims for damages against defendants in their individual capacities should be dismissed.[5]

To the extent plaintiff asserts a RLUIPA claim for damages in their official capacities, those claims too should be dismissed, as the Ninth Circuit recently announced that "[t]he Eleventh Amendment bars [a] suit for official-capacity damages under RLUIPA." *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1112, 1114 (9th Cir. 2010) (reasoning that the statutory text does not unequivocally express a waiver of sovereign immunity from suit for monetary claims).

**B. Due Process Claims**

Plaintiff claims that defendants violated his rights under the Due Process Clause of the Fourteenth Amendment.[6] Am Compl. at D-E. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a claim for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983) ("While no State may deprive any person of life, liberty, or property, without due process of law, it is well settled that only a limited range of interests fall within this

---

[5] The court notes, however, that major cases interpreting RLUIPA were not decided until 2005 and 2008. *See, e.g., Warsoldier v. Woodford*, 418 F.3d 989 (9th Cir. 2005) (granting preliminary injunction against grooming policy); *Greene v. Solano County Jail*, 513 F.3d 982 (9th Cir. 2008); *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). Thus, it is entirely plausible that these defendants had no notice of the evolving status of the law of this circuit on this question until after the conduct complained of in the instant complaint.

[6] Plaintiff's claim fits more properly within the context of the First Amendment. However, the Ninth Circuit has already determined that the challenged regulation is constitutional. *See Henderson v. Terhune*, 379 F.3d 709, 715 (9th Cir. 2004) (affirming district court's judgment and conclusion that CDCR's hair length regulation is reasonably related to legitimate penological interest).

provision.") (internal quotations omitted).  Liberty interests may arise from the Due Process Clause itself or from state law.  *Id.*  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff fails to state any cognizable due process claims.  In his complaint, plaintiff refers generally to "atypical and significant hardships" and "protected liberty interests."  Am. Compl. at D.  He has not shown, however, how compliance with the existing grooming regulations imposed an "atypical and significant" deprivation in relation to ordinary incidents of prison life.  *See Sandin*, 515 U.S. at 484.  Thus, plaintiff has not established a protected liberty interest.  Nor has he shown that he was denied any procedural protections guaranteed by the Due Process Clause.

To the extent plaintiff's due process claim rests on his allegations against Battey based on her handling of plaintiff's inmate appeal, that claim also fails.  Am. Compl. at B, Ex. B; SUF 5.  There are no constitutional requirements regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  The alleged failings of Battey with respect to plaintiff's inmate grievance cannot support a claim for relief for violation of a constitutional right and should be dismissed.

Accordingly, it is hereby ORDERED that plaintiff's surreply (Dckt. No. 62) and supplemental affidavit (Dckt. No. 64) are stricken and the Clerk of the Court shall make a notation on the docket to that effect.

Further, it is hereby RECOMMENDED that defendants' October 23, 2009 motion for summary judgment be granted and the Clerk be directed to enter judgment accordingly.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   August 12, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE